IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

ASH-SHAKUR SHABAZZ, #57268   *

    Plaintiff,   *

        v.   *   1:05-CV-716-MHT
           (WO)
DOUG VALASKI, *et al.*,   *

    Defendants.   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Ash-ShaKur Shabazz, is incarcerated in the Houston County Jail. He files this 42 U.S.C. § 1983 action against Sheriff Lamar Glover, District Attorney Doug Valeksa, Judge White, and Wanda Sanders, an employee of the Department of Human Resources. Plaintiff complains that: (1) his bail is excessive, (2) neither he nor an attorney representative were present at his preliminary hearing; (3) he has not been appointed counsel; (4) he has been denied a bond hearing and affordable bail, and (5) state official threatened the victim to obtain her cooperation. Plaintiff requests that the charges against him be dismissed or reduced. (Doc. No. 1) Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. Sheriff Glover*

Plaintiff names Sheriff Glover as a defendant. This individual, however, has no authority or control over the bail amount set in Plaintiff's criminal case or the other matters he complains of with regard to his criminal court proceedings. Such concerns are within the province of the state courts of Houston County, Alabama. Sheriff Glover, therefore, may not be held liable for the alleged constitutional violations presented by Plaintiff in this cause of action and Plaintiff's claims against him are due to be dismissed. *See Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. The Bail Claim*

Plaintiff maintains that he is entitled to a reasonable and affordable bond amount and complains that Judge White has failed to set a bail hearing. This court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983 as the law is well-settled that a federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges of state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action was unconstitutional. *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986); *District of Columbia Court of Appeals v.*

*Feldman*, 460 U.S. 462 (1983). It is, therefore, clear that an action filed pursuant to 42 U.S.C. § 1983 may not be used to compel a state court to take a particular course of action. *Cf. Datz v. Kilgore*, *supra*. Likewise, a 42 U.S.C. § 1983 action cannot operate as a substitute to appeal a state court decision. *Datz*, 51 F.3d at 254 (a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Thus, Plaintiff's request for relief arising from action of the state court in setting his bail amount and/or a bond hearing is due to be dismissed. *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319.

*C. The Pending Criminal Charges*

Plaintiff complains that a preliminary hearing on the charges pending against him was held in his absence and without an attorney present on his behalf, that Judge White has failed to respond to his requests for an attorney and a bond hearing, that the charges against him are unconstitutional, and that Defendants Valeska and Sanders engaged in witness tampering. Even if the conduct and/or omissions about which Plaintiff complains were found to violate his federal rights, it is clear that his claims concern criminal charges which are pending before the state courts of Houston County, Alabama, and, thus, not appropriate for consideration by the court at this time.

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the United States Supreme Court held that a federal court must refrain from interfering with pending state criminal

3

proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck [v. Humphrey,* 512 U.S. 477 (1994)] prohibits.")

In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can present the factual and legal bases for the alleged constitutional violations in the on-going state court criminal proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. The court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Defendants Glover and White be DISMISSED with

prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's challenge to the criminal charges pending against him in the Circuit Court of Houston County, Alabama, be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 21, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done, this 7th day of February 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE